[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF JUDGMENT ON HEARING IN DAMAGES
This matter is before the court on a hearing in damages at which one of the plaintiffs in this action appeared and testified under oath regarding the damages sustained in this collection action. [TR 4] The defendants in this action are RAR, Inc., the purchasing corporation, and Robert and Roger Roth and Robert Allred (RRA), the principal officers of RAR, Inc. and personal guarantors. All defendants defaulted of appearance in the instant proceeding and consequently the matter proceeded ex parte. [TR 1, 4]
 FACTS
Plaintiff, Barbara Wren, was one of the principals and president of the MacPherson Interiors, Inc. (MCI), a named defendant in this action, and executed the agreements in question. Pursuant to that purchase agreement (exhibit A), the plaintiffs made a bulk sale of all of MCI's assets to RAR, Inc. in 1987 [TR 6] and the purchaser was to pay a total purchase price of $625,000[1] payable as follows: $180,000 upon closing and the balance of $445,000 over a six year period. [TR 4-5] The defendants RRA, individually and personally, guaranteed $180,000 of the purchase price. [TR 5] The purchase documents also provided for the payment of reasonable attorney's fees should collection be necessary. [Exhibit C]
In May of 1990, RAR, Inc. defaulted both in that portion of the purchase price dealing with the installment payments as well as RAR, Inc.'s obligation to furnish quarterly certified financial statements. [TR 5-6] The plaintiffs notified the guarantors of the default.[2] [TR 5] At the time of default, the outstanding balance due on the installments was $191,597.00. [TR 8, 11] Wren further computes statutory interest on that amount from May 31, 1998 to the date of this hearing to be $158,447.30 for a total of $350,044.30. [TR 11, 13] There being no contrary evidence and the court finding the witness to be credible, and having itself added up the figures, it therefore finds the total amount of the principal debt and interest in accord with the plaintiff's calculations. Plaintiffs also incurred legal fees to date for both legal advice and litigation in connection with the enforcement of their rights CT Page 9113 under the agreement [TR 6; Sec. 4c of exhibit b] from the law firms of Gallant and Gallant, Betar, Quatrella Hendrie and their successors Quatrella Rizio in the total amount of $35,074.00 [TR 6, 9-14] which the court finds to be reasonable under the circumstances.[3] [TR 14]
With regard to the guarantors (RRA), the court finds damages in accord with the calculations of the plaintiff to be as follows: principal debt in the amount of $180,000,[4] statutory interest of $147,315.68 for a total of $327,315.00. [TR 12-14]
In conclusion, damages assessed against RAR, Inc. are $350,044.30 plus attorneys' fees of $35,074.00 for a total of $385,118.30 plus taxable costs; and as against RRA, $180,000 plus statutory interest of $147,315.68 for a total of $327,315. [TR 12-14] Judgment shall enter accordingly.
MELVILLE, J.